*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RODNEY DAMON BLACK,

        Defendant-Appellant.

UNPUBLISHED
June 18, 2026
2:50 PM

No. 373848
Wayne Circuit Court
LC No. 93-010614-01-FC

Before: GADOLA, C.J., and RIORDAN and LETICA JJ

PER CURIAM.

Defendant appeals as of right the circuit court's order resentencing him to 39 to 60 years' imprisonment for first-degree murder. MCL 750.316. Finding no errors warranting reversal, we affirm.

## I. BACKGROUND

On September 11, 1993, when defendant was 16 years old, he went to the house of Winifred Willis.[1] He knew Willis because he had sold drugs on behalf of Joseph Whitfield,[2] who was dating Willis. Defendant went to Willis' house that night to pick up more drugs and to pay off a debt. While at the house he repeatedly struck three-year-old Anna Willis in the head with his handgun, killing her. Defendant also shot Winifred Willis in the stomach and her five-year-old son in the chest. Defendant was convicted by a jury of first-degree murder, two counts of assault with intent

---

[1] See *People v Black*, unpublished per curiam opinion of the Court of Appeals, issued April 27, 2023 (Docket No. 338985); *People v Black*, unpublished per curiam opinion of the Court of Appeals, issued November 27, 2018 (Docket No. 338985), vacated in part, lv den in part 510 Mich 1122 (2022).

[2] Whitfield is also the father of the three-year-old victim.

to murder, and felony firearm. On February 24, 1994, defendant was sentenced to life without parole on the first-degree murder charge.[3]

On June 1, 2017, defendant was resentenced to 40-60 years in prison for first-degree murder.[4] Defendant appealed his sentence and this Court remanded to the trial court with the requirement that resentencing comply with the holding in *People v Boykin*.[5] Defendant was then resentenced on October 27, 2023, to 39-60 years. Defendant again moved for resentencing, arguing that the trial court failed to give proper weight to his youth before imposing the new sentence, but the trial court denied the motion for resentencing on August 21, 2025. Defendant now appeals.

## II. ANALYSIS

Defendant argues that the trial court erred by not properly assessing the mitigating factors of youth in imposing his term of years sentence. We disagree.

We review sentencing decisions for an abuse of discretion. *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id.* "An abuse of discretion occurs when 'the trial court's decision was outside the range of reasonable and principled outcomes.' " *People v Hines*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 363151); slip op at 16, quoting *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016).

A trial court has the authority to sentence a defendant within the range of sentencing outcomes assigned by the Legislature and the sentence needs to be tailored to the particular circumstances of the case and offender. *Boykin*, 510 Mich at 183. Trial courts are required "to consider the defendant's youth and must treat it as a mitigating factor." *Id.* at 189. "[T]he touchstone to any sentencing decision is proportionality." *People v Copeland*, 350 Mich App 577, 584; 34 NW3d 9 (2024), citing *Boykin*, 510 Mich at 188.

Courts must consider a defendant's youth when applying the four sentencing considerations stated in *People v Snow,* 386 Mich 586, 592-594; 194 NW2d 314 (1972). *Copeland*, 350 Mich App at 584. The *Snow* factors are: (1) reformation of the offender, (2) the protection of society, (3) discipling of the wrongdoer, and (4) the deterrence of others from committing like offenses. *Id.* at 585. A trial court is required to adequately explain its sentence on the record; however there is no requirement that the consideration of youth as a mitigating factor be articulated in detail for the record. *Boykin*, 510 Mich at 193-194. "[T]here are no magic

---

[3] Defendant was also sentenced to 180 months to 40 years in prison for both assaults and a consecutive two-year prison term for felony-firearm. These sentences have all been served.

[4] Defendant was resentenced pursuant to the holdings in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016).

[5] *Black*, unpub op at 4-5, referencing *People v Boykin*, 510 Mich 171; 987 NW2d 58 (2022).

words or phrases that a trial court must use to show that it adequately considered the mitigating qualities of youth within *Snow's* sentencing criteria." *Copeland*, 350 Mich App at 587. "[A] court sentencing a juvenile defendant to a term of years has discretion to consider the *Miller* factors[6] when fashioning an appropriate sentence. . . . *Id*. at 591. The trial court merely has to demonstrate that it considered the defendant's youth as a mitigating factor.

Defendant argues that the trial court did not properly assess the mitigating factors of youth in imposing his term of years sentence as required by *Boykin*. However, the record in this case demonstrates that defendant's youth was taken into consideration. Although not a requirement, the trial court painstakingly addressed each of the *Miller* factors and explained its reasoning during the resentencing hearing:

> The Defendant's chronological age at the time of the offense was very young. He was 16. And that has a huge impact on decision-making.
>
> But the other factor is the Defendant's family and home environment. So this is not a case where he is living out on the streets or he was with a family where everybody was involved in narcotics and homicide, anything, a father is in prison. I mean, when you have that kind of an environment it is very difficult for a young person to make a different decision because they are surrounded by people and that is the world now. So I understand that and I get that. But that was not the case here.
>
> We have a situation where he had a mother and a father and they were trying their best to put him on the right path. He was put in counseling. They tried to do different things and it seems like none of it sunk in.
>
> Then the circumstances of the homicide, we don't need to go through all of those factors but it was egregious. A three-year-old was hit in the head with a gun. I don't even know what the purpose of that was. It's not like a three-year-old could have identified you. Or to shoot a five-year-old. That was – there are absolutely no words for that.
>
> Now the Defendant's potential to rehabilitate. It is apparent to this Court though that it seems that he does have the ability to rehabilitate. Clearly, it must have been apparent to the People because they decided to agree to a term of years as opposed to life without the possibility of parole.
>
> And I do think that the Defendant has the ability to rehabilitate.

* * *

---

[6] (1) Juvenile's chronological age, (2) the juvenile's family and home environment, (3) the circumstances of the homicide offense, (4) the incompetencies of youth, and (5) the juvenile's possibility of rehabilitation. *Miller*, 567 US at 477-478.

And then the Defendant's ability to navigate the criminal justice system. Well, he only had one juvenile issue. So I'm not sure -- I don't even – you know, in that particular case if that's even a strong factor here.

Defendant argues that the trial court only considered whether he had a supportive family in deciding how he should be resentenced, but that clearly is not the case. Defense counsel requested that the court consider defendant's decision-making process [at 16], his ability to be rehabilitated, and defendant's position in life at the time the crime was committed. Defense counsel also highlighted to the trial court that defendant's family situation "was not a settled situation" at the time the crime was committed. The trial court considered these factors, stating that the defendant being 16 "[h]as a huge impact on decision-making," his parents "were trying their best to put him on the right path," his parents were not involved with narcotics or the criminal justice system, and the court noted that both the court and the People believe that defendant "has the ability to rehabilitate."

There are no magic words or phrases that a court is required to use to prove that it has considered youth as a mitigating factor. *Copeland*, 350 Mich App at 587. Although *Boykin* does not require a court to explain how it considered youth as a mitigating factor, the record demonstrates that the trial judge in this case carefully considered each of the *Miller* factors and how youth and the specific circumstances of this case affected each factor for sentencing. *Boykin*, 510 Mich at 193-194.

The court's sentence of 39-60 years for first-degree murder was within the statutory range.[7] We find no abuse of discretion in the trial court's decision to sentence defendant to 39-60 years after considering all the circumstances of the crime and defendant's youth at the time he committed the crime.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Anica Letica

---

[7] MCL 769.25a(4)(c) states, "If the prosecuting attorney does not file a motion under subdivision (b), the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years."